ORIGINAL

**FILED**
JUL 1 2 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          DEPUTY

~~SEALED~~
UNSEALED 7/13/16

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2016 Grand Jury

| UNITED STATES OF AMERICA, | Case No. **16 CR 1408 WQH** |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | ▮▮▮▮▮▮; Title 26, U.S.C., Sec. 7206(2) - Aiding or Assisting in the Preparation of False Returns; Title 18, U.S.C., Sec. 1014 - Making a False Statement to a Financial Institution; ▮▮▮▮▮▮; Title 18, U.S.C., Sec. 1343 - Wire Fraud; Title 18, U.S.C., Secs. 981(a)(1)(C) and 982(a)(2), and Title 28, U.S.C., Sec. 2461(c) - Criminal Forfeiture |
| ROBERT HOLCOMB, | |
| Defendant. | |

The grand jury charges that:

### INTRODUCTORY ALLEGATIONS

At all times pertinent to this Indictment:

1. The Internal Revenue Service (IRS) is an agency of the United States Department of the Treasury responsible for administering and enforcing the tax laws of the United States.

2. The IRS is responsible for ensuring that each and every citizen pays their fair share of any tax that is due and owing.

DEZ:nlv:San Diego:6/14/16

cc: PRETRIAL

1  3. The federal income tax system of the United States relies
2 upon citizens to truthfully, accurately, and timely report income and
3 expense information to the IRS.

## Counts 1-5
### Aiding or Assisting in the Preparation of False Returns, 26 U.S.C. § 7206(2)

6. Paragraphs 1 through 3 of the Introductory Allegations are incorporated as if set forth in full herein.

7. On or about the dates set forth below, within the Southern District of California and elsewhere, defendant ROBERT HOLCOMB did willfully aid and assist in, and procure, counsel, and advise the preparation of and presentation to the IRS, the tax returns set forth below: to wit, defendant ROBERT HOLCOMB created numerous corporations and trust accounts, instructed his clients to forward him funds into these accounts, and then falsely instructed his clients that they were not responsible for reporting as income any of the funds they forwarded to him. This resulted in defendant's clients filing tax returns, each of which was false and fraudulent as to a material matter, in that each tax return represented that the income of each client was substantially lower than the true amount of taxable income, and defendant knew that the income claimed was not true and correct:

| Count | Date Tax Return Filed | Tax Return | Taxpayer |
|---|---|---|---|
| 1 | May 20, 2011 | 2009 1120 | P.H.C. |
| 2 | May 17, 2011 | 2009 1040 | K.C. |
| 3 | Sept. 13, 2011 | 2010 1120 | G.B. |
| 4 | April 13, 2012 | 2010 1120 | P.H.C. |
| 5 | April 13, 2012 | 2010 1040 | K.C. |

All in violation of Title 26, United States Code, Section 7206(2).

//

3

### Count 6
**Making a False Statement to a Financial Institution**
**18 U.S.C. § 1014**

8. Paragraphs 1 through 3 of the Introductory Allegations are incorporated as if set forth in full herein.

9. On or about May 16, 2011, within the Southern District of California, defendant ROBERT HOLCOMB did knowingly make a false statement for the purpose of influencing the action of One West Bank, an institution the accounts of which were insured by the Federal Deposit Insurance Corporation, in connection with an application for a checking account, in that defendant provided a taxpayer identification number for the corporation "Push the Rock LLC," that defendant well knew did not actually belong to the corporation; all in violation of Title 18, United States Code, Section 1014.

### Count 7
**Making a False Statement to a Financial Institution**
**18 U.S.C. § 1014**

10. Paragraphs 1 through 3 of the Introductory Allegations are incorporated as if set forth in full herein.

11. On or about May 17, 2011, within the Southern District of California, defendant ROBERT HOLCOMB did knowingly make a false statement for the purpose of influencing the action of First Republic Bank, an institution the accounts of which were insured by the Federal Deposit Insurance Corporation, in connection with an application for a checking account, in that defendant provided a taxpayer identification number for the corporation "On Eagles Wings LLC," that defendant well knew did not actually belong to the corporation; all in violation of Title 18, United States Code, Section 1014.

//

### Count 8
### Making a False Statement to a Financial Institution
### 18 U.S.C. § 1014

12. Paragraphs 1 through 3 of the Introductory Allegations are incorporated as if set forth in full herein.

13. On or about May 21, 2011, within the Southern District of California, defendant ROBERT HOLCOMB did knowingly make a false statement for the purpose of influencing the action of Point West Bank, an institution the accounts of which were insured by the Federal Deposit Insurance Corporation, in connection with an application for a checking account, in that defendant provided a taxpayer identification number for the corporation "Light of Life LLC," that defendant well knew did not actually belong to the corporation; all in violation of Title 18, United States Code, Section 1014.

### Count 9
### Making a False Statement to a Financial Institution
### 18 U.S.C. § 1014

14. Paragraphs 1 through 3 of the Introductory Allegations are incorporated as if set forth in full herein.

15. On or about July 26, 2011, within the Southern District of California, defendant ROBERT HOLCOMB did knowingly make a false statement for the purpose of influencing the action of Commerica Bank, an institution the accounts of which were insured by the Federal Deposit Insurance Corporation, in connection with an application for a checking account, in that defendant provided a taxpayer identification number for the corporation "Sharing and Caring LLC," that defendant well knew did not actually belong to the corporation; all in violation of Title 18, United States Code, Section 1014.

[lines 1-8 redacted]

## Counts 10-14
## Wire Fraud
## 18 U.S.C. § 1343

17. The United States incorporates by reference the allegations set forth in paragraphs 1 through 3.

### The Scheme

18. Beginning in approximately 1999, and continuing through at least February 2015, within the Southern District of California, defendant ROBERT HOLCOMB did knowingly devise and intend to devise, with the intent to defraud, a material scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts. The purpose and effect of the scheme was to defraud the United States, by attempting to fraudulently conceal the income of HOLCOMB's clients, by evading HOLCOMB's and his clients' income tax liability, and by defrauding the United States in its revenue collecting capacity.

### Method and Means

19. It was the method and means of the scheme that defendant ROBERT HOLCOMB would falsely assure his clients that he was responsible for the taxes on the funds forwarded to his accounts, and

those funds could be properly excluded from the income his clients reported on their federal tax returns.

20. It was further part of the scheme that defendant ROBERT HOLCOMB would charge his clients a commission ranging from approximately six percent to approximately eleven percent of the total amount of funds they sent to his "trust" accounts.

21. It was further part of the scheme that defendant ROBERT HOLCOMB would not actually pay any taxes on the funds sent to his "trust" accounts.

22. It was further part of the scheme that defendant ROBERT HOLCOMB would create shell corporations in order to open bank accounts at multiple financial institutions to be used for receiving client funds, returning the funds minus his commission, and concealing his profits from the scheme.

23. It was further part of the scheme that defendant ROBERT HOLCOMB would provide false taxpayer identification numbers when he opened bank accounts used in the scheme in order to avoid reporting requirements with the IRS.

24. It was further part of the scheme that defendant ROBERT HOLCOMB would cause clients to send him funds, via interstate wire transmission and other means, and he would then transfer the remaining funds back to the clients minus his commission, using the shell corporation bank accounts he controlled.

25. It was further part of the scheme that defendant ROBERT HOLCOMB would provide false and misleading financial schedules and other information to his clients, knowing that they would incorporate this false information into their federal income tax returns, provide

this false information to the IRS, and defraud the United States in its revenue collecting capacity.

### Wire Transmissions in Furtherance of the Scheme

26. On or about the dates provided below, within the Southern District of California and elsewhere, defendant ROBERT HOLCOMB, in furtherance of the above-described scheme, transmitted and caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, for the purpose of executing such scheme:

| Count | Date | Wire Transmission | Recipient |
| --- | --- | --- | --- |
| 10 | August 23, 2011 | Interstate wire transfer of $30,000 from Hands on for Health LLC, Wells Fargo Bank | Robert E. Holcomb, dba Magenta Persimmon, dba Restoration of Life, dba BKM, CommerceWest Bank |
| 11 | September 27, 2011 | Interstate wire transfer of $40,000 from Brother's Keeper Ministries LLC, First Citizens Bank | Seed Time and Harvest, Key Bank |
| 12 | January 24, 2012 | Interstate wire transfer of $84,000 from Brother's Keeper Ministries LLC, First Citizens Bank | Light of Life LLC, Pointwest Bank |
| 13 | February 29, 2012 | Interstate wire transfer of $20,000 from Brother's Keeper Ministries LLC, First Citizens Bank | On Eagle's Wings, First Republic Bank |
| 14 | November 19, 2013 | Interstate wire transfer of $25,800 from Robert E. Holcomb, dba Magenta Persimmon, dba Restoration of Life, dba BKM, CommerceWest Bank | Light of Life LLC, Pointwest Bank |

All in violation of Title 18, United States Code, Section 1343.

**FORFEITURE ALLEGATION**

**18 U.S.C. §§ 981(a)(1)(C), 982(a)(2) and 28 U.S.C. § 2461(c)**

27. The allegations contained in Counts 6 through 9 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(2).

28. Upon conviction of the offense of making a false statement to a financial institution in violation of Title 18, United States Code, Section 1014, as set forth in Counts 6 through 9 of this Indictment, defendant ROBERT HOLCOMB, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), all property, real and personal, which constitutes or is derived from proceeds traceable to the offense.

29. The allegations contained in Counts 10 through 14 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

30. Upon conviction of the offense of Wire Fraud in violation of Title 18, United States Code, Section 1343 set forth in Counts 10 through 14 of this Indictment, defendant ROBERT HOLCOMB, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, a forfeiture money judgment in an amount not less than the sum of $1,000,000,

representing the funds HOLCOMB obtained from his clients as part of the fraudulent scheme.

31. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2), and Title 28, United States Code, Section 2461(c).

DATED: June 16, 2016.

A TRUE BILL

_____
Foreperson

LAURA E. DUFFY
United States Attorney

By: _____
DANIEL E. ZIPP
Assistant U.S. Attorney