PROB 12C
(06/17)

March 2, 2021
pacts id: 2626103

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Robert Eric Holcomb (English)　　　　**Dkt No.:** 16CR01408-001-WQH

**Reg. No.:** 57228-298

**Name of Sentencing Judicial Officer:** The Honorable William Q. Hayes, U.S. District Judge

**Original Offense:** Counts 6, 7, 8, and 9: 18 U.S.C. § 1014, False Statement to a Financial Institution, a Class B Felony.

**Date of Sentence:** February 22, 2019

**Sentence:** 46 months' custody, as to each count, concurrently; 5 years' supervised release, as to each count, concurrently. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release　　　　**Date Supervision Commenced:** August 13, 2020

**Asst. U.S. Atty.:** Daniel E. Zipp　　　　**Defense Counsel:** Robert Eric Holcomb
　　　　　　　　　　　　　　　　　　　　　　　　　　Pro Se
　　　　　　　　　　　　　　　　　　　　　　　　　　(Jeremy D. Warren; Advisory Counsel)

**Prior Violation History:** None.

## PETITIONING THE COURT

### TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Special Condition)** Provide complete disclosure of personal and business financial records to the probation officer as requested. | 1. Mr. Robert Eric Holcomb refused to disclose his personal and business financial records to the probation officer, as directed. |
| **(Standard Condition)** The defendant must answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. | |

***Grounds for Revocation:*** As to allegation 1, on August 18, 2020, this probation officer reviewed the conditions of supervision pursuant to the Judgment and Commitment (J&C) order with Mr. Holcomb. This officer explained to Mr. Holcomb that he would be required to provide complete disclosure of his personal and business financial records, as requested. Mr. Holcomb was instructed to complete the financial affidavit (Prob 48, Net Worth

PROB12(C)

| | |
|---|---|
| Name of Offender: Robert Eric HOLCOMB | March 2, 2021 |
| Docket No.: 16CR01408-001-WQH | Page 2 |

Statement Financial Record) and he was instructed to provide supporting documentation for all entries on August 24, 2020. However, he refused to fill out the form and requested to consult with his attorney prior to submitting the financial affidavit. Mr. Holcomb was instructed to notify the probation officer of his decision by August 24, 2020, after consulting with his attorney. It is noted that he refused to provide his attorney's name and contact information. On August 24, 2020, Mr. Holcomb failed to provide the financial form and stated that he would send a separate "declaration" that would explain his financial records and satisfy this financial disclosure condition.

However, when this officer received his declaration, the letter did not provide any of his personal or business financial records. Instead, he provided a four-page letter he referenced as his "statement of facts" citing his opinion and statutes related to his conditions of supervision and that he would be invoking his fifth amendment privilege and "chooses to remain silent in both answer and signature." He asserted any answer or signature obtained from him related to filling out the financial affidavit "shall be considered obtained under either threat, or duress, or constraint, or any combination thereof." Mr. Holcomb added a footnote at the bottom of each page proclaiming to be descendants of several members of royalty in England and that he was the grandson of Sir Knight and a Lord Mayor of the City of London, dating back to August 15, 1550, and a confirmed member of the Order of the Crown of Charlemagne.

To date, Mr. Holcomb refused to fill out the financial form and failed to provide any of his personal and business financial records, as instructed. He argued that the Court did not specifically order this and repeatedly stated he wanted this officer to file a motion before the Court to specifically order this condition before he would comply. According to his interpretation, unless the J&C explicitly states that he must fill out the financial form 48 and provide supporting documents, he is not required to comply with the existing financial disclosure condition.

As of February 3, 2021, Mr. Holcomb continues to refuse to provide his financial records and is now stating he has found case law "Castlerock vs. Gonzales" to support his position of not complying with the financial disclosure condition. He argued that based on this case law, any conditions of supervision with the word "shall" should be interpreted as "may or maybe " and that the J&C language should state "must" if he is mandated to comply.

**(Special Condition)**
The defendant shall pay a fine in the amount of $600,000 unto the United States. Pay a fine in the amount of $600,000 ($150,000 per count) through the Clerk, U.S. District Court. Payment of fine shall be forthwith. During any period of incarceration, the defendant shall pay fine through the Inmate Financial Responsibility program at the rate of 50% of the defendant's income, or $25.00 per quarter, whichever is greater. The defendant should pay the fine during his supervised release at the rate of $1,000 per month. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the fine judgment

2. Mr. Robert Eric Holcomb failed to pay $1,000.00 fine payment for January and February 2021, as directed.

PROB12(C)

| | |
|---|---|
| Name of Offender: Robert Eric HOLCOMB<br>Docket No.: 16CR01408-001-WQH | March 2, 2021<br>Page 3 |

at any time. Until fine has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in the defendant's mailing or residence address, no later than thirty (30) days after the change occurs.

***Grounds for Revocation:*** As to allegation 2, on August 18, 2020, this probation officer reviewed the conditions of supervision pursuant to the Judgment and Commitment (J&C) order with Mr. Holcomb, and he was directed to make monthly payments of $1,000.00 towards his fine obligation. Mr. Holcomb failed to pay his court-ordered $1,000.00 per month fine payment during the months of January and February 2021. Instead, he paid $50.00 towards his fine obligation for January and February 2021, respectively. The probation officer is not able to review his complete financial information and make a determination if the monthly payment warrants a decrease since he has repeatedly refused to provide his financial records. To date, Mr. Holcomb has paid $3,950.00 toward his fine; the current outstanding balance is $596,050.00.

**(Standard Condition)**

| | |
|---|---|
| The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons. | 3. Mr. Robert Eric Holcomb failed to work regularly at a lawful occupation, as directed. |

***Grounds for Revocation:*** As to allegation 3, on August 18, 2020, this probation officer reviewed the conditions of supervision with Mr. Holcomb. This officer specifically explained to Mr. Holcomb, at length, that "lawful employment" meant he needed he maintain legitimate employment with verifiable documentation of his income via 1099 or W-2. It was also explained to Mr. Holcomb that one of the standard conditions of supervision is to be gainfully employed unless waived by his physician or the Court. Mr. Holcomb immediately disputed how the definition of lawful occupation should be interpreted. He stated that he is working for Brother's Keeper Ministries and although he is not paid, the private ministry is compensating him by providing housing (at his current residence in San Marcos, CA) and food, and according to him, this is a lawful occupation. This officer specifically told Mr. Holcomb that working for Brother's Keeper Ministries will not be approved and he would need to find a job that pays him verifiable income.

Mr. Holcomb reported that it was unfair that this officer is making him work when he is already retired at age 35. He asserted that because this form of employment is not the traditional definition of gainful employment, this officer is making him work for "Judge Hayes" and he considers this "slavery." It was further explained to Mr. Holcomb that he has a significant $600,000.00 fine to pay and has been ordered by the Court to pay $1,000.00 per month. Therefore, it is important that he finds a job, where he would have actual income, so he could make this monthly payment. Mr. Holcomb immediately stated that he has no money and will not pay the fine. This officer reiterated that this is the very reason he needs to obtain a job that would pay him income so he could make his fine payments. Mr. Holcomb then reported that he would work for his father's business, B&L Consulting and Development, as a 1099 employee, and he would provide the employment contract to this officer by August 24, 2020.

On or about September 1, 2020, Mr. Holcomb reported that he mailed the B&L Consulting and Development contract with his father, who owns numerous rental properties, and that he would be assisting him to collect rent and address any maintenance or landlord issues. On September 25, 2020, this officer informed Mr. Holcomb that the undersigned had not received the employment contract or verification of income, as requested. This officer

instructed him to fax or email the documents, but he reported he did not have access to both. He was instructed to mail all documents to this officer on October 2, 2020. However, to date, this officer never received the aforementioned documents, as requested.

To date, Mr. Holcomb has failed to provide any sufficient verification of employment. He is now reporting that he is employed with Brother's Keeper Ministries (although he was previously not approved by this officer) and he continues not to receive any income. On February 4, 2021, Mr. Holcomb provided a letter; however, the letter was written on a plain sheet of paper, without a letterhead, and did not have a designated address or telephone number to confirm this employment. He was instructed to have the employer/trustee include the missing information in the letter and to have his employer re-send the letter to the undersigned. To date, no response has been received.

As of February 3, 2021, Mr. Holcomb is now insisting this officer does not have the authority to ask for his paycheck nor any document (per case law "Castlerock vs. Gonzales") to verify his income or job as the documents requested were not explicitly stated in the J&C and, therefore, he did not have to comply.

## VIOLATION SENTENCING SUMMARY

**SUPERVISION ADJUSTMENT**

Mr. Holcomb's supervision term began on August 13, 2020. Since supervision commenced, he has been very resistant to adhering to his conditions of supervision as alleged in this petition. Mr. Holcomb has repeatedly refused to provide his financial records, obtain employment with verifiable income, has not complied with making the full monthly payment towards his fine obligation, and he is not following this officer's instruction to fill out any forms routinely asked of all offenders supervised in this district. Furthermore, Mr. Holcomb was specifically instructed to fill and/or sign the J&C order, no possession of firearms notice, the Post Conviction Risk Assessment (PCRA) questionnaire, and the monthly Electronic Online Reporting System (ERS), and he refused to comply. Instead, any documents received from Mr. Holcomb are his "declarations" or letters explaining why he should not have to adhere to his conditions of supervision. Mr. Holcomb consistently signs his letters with a footnote disclaimer, at the bottom of almost every page, proclaiming to be descendants of several members of royalty in England and that he is the grandson of Sir Knight and a Lord Mayor of the City of London, dating back to August 15, 1550, and a confirmed member of the Order of the Crown of Charlemagne.

Although Mr. Holcomb was immediately resistant to adhering to his conditions of supervision, this officer attempted to work with Mr. Holcomb and gave him ample time to do his research and come to some realization that his conditions of supervision have been ordered by the Court and he would, perhaps, eventually comply. However, after six months of supervision, he has not changed his mind and is more defiant than ever leaving no option but to initiate violation proceedings. Mr. Holcomb stated that if he were permitted to appear before the Court and argue his motions as to why he is challenging his conditions of supervision, he would respect and comply with the Court's final ruling no matter the outcome. It has been reiterated to Mr. Holcomb the J&C is the Court's final ruling as it relates to his conditions of supervision and this officer's duty to enforce these conditions based on the J&C order and under the guidance of this officer's statutory authority.

Mr. Holcomb is also required to fill out a financial affidavit (to be accompanied by supporting documentation) for the U.S. Attorney's Office to be completed by February 12, 2021. To date, the Financial Litigation Unit staff confirmed that Mr. Holcomb has not submitted the financial affidavit, as instructed.

PROB12(C)

Name of Offender: Robert Eric HOLCOMB

Docket No.: 16CR01408-001-WQH

March 2, 2021

Page 5

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

According to the Presentence Report (PSR), Mr. Holcomb's history of refusal to comply with the probation officer's instructions dates back to when he was awaiting sentencing in the underlying offense. As reflected in the Presentence Report, the offender refused to provide full and complete information pertaining to his financial profile and the trusts his home mortgage is held in or who else was on the trust which reportedly paid his monthly expenses.

Mr. Holcomb reported that he was part of the "USA Posterity" which means he is part of the "upper caste of those who created the USA." Noted in all the correspondences he has submitted to this officer, Mr. Holcomb proclaimed to be descendants of several members of royalty in England and that he is the grandson of Sir Knight and a Lord Mayor of the City of London, dating back to August 15, 1550, and a member of the Order of the Crown of Charlemagne.

In May 2017, the court ordered Mr. Holcomb to be evaluated for competency. On September 6, 2017, Mr. Holcomb was committed to the Federal Medical Center (FMC) Butner for treatment through January 8, 2018. On February 12, 2018, he was found competent to stand trial. The defendant admitted that while he was at the FMC Butner, he refused to meet with the staff or be evaluated. He refused to speak to them because he does not like talking to law enforcement and believes the information would have been used against him and not for his benefit.

It is noted, as a result of the instant offense, during the execution of the search warrant of Mr. Holcomb's residence, Alcohol, Tobacco, and Firearms (ATF) agents found numerous firearms at his residence. Mr. Holcomb had previously provided No Longer in Possession of Firearm forms with the U.S. Pretrial Services Officer, and he verbally confirmed with this officer he no longer has possession of any firearms in the home.

Mr. Holcomb has a high school diploma and he attended San Diego State University for six months. He reported he has a good relationship with his elderly father and most of his children. Mr. Holcomb denied having any drug or alcohol issues. He does not have a prior criminal record but was arrested on June 29, 2008, for battery; however, the matter was later dismissed.

Mr. Holcomb is divorced and currently resides his girlfriend, Patricia Hise, at his residence in San Marcos. A recent title search of his residence reflected that the property was directly sold to Mr. Holcomb on June 13, 2000. On July 15, 2000, Mr. Holcomb took out a mortgage loan in the amount of $299,950. On August 24, 2000, Mr. Holcomb quitclaimed this property to Stone Gate Investments irrevocable trust, which is listed as the trustee. There is no indication this property was ever owned by Brother's Keeper Ministries.

Recent record checks reflected that Mr. Holcomb is the "organizer" of Brother's Keeper Ministries and it solely belongs to him. Mr. Holcomb is reporting that he has no income, nor has he generated any income from working anywhere else and he states "everything" belongs to Ms. Hise.

PROB12(C)

Name of Offender: Robert Eric HOLCOMB  
Docket No.: 16CR01408-001-WQH

March 2, 2021  
Page 6

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

**Counts 6, 7, 8 and 9:** If the court revokes supervised release, the maximum term of imprisonment upon revocation is 3 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (failure to provide personal and business financial records, failure to follow the probation officer's instructions, failure to pay full fine payment, and failure to obtain gainful employment) constitute a Grade C violations. USSG §7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Pursuant to USSG §7B1.3(d), p.s., any unpaid portion of fine shall be ordered to be paid, in addition to the sentence imposed as a result of the revocation. In this case, the offender has paid **$3,950** of the court-ordered fine.

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

**Counts 6, 7, 8, and 9:** In this case, the court has the authority to reimpose a term of 5 year(s) supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

### JUSTIFICATION FOR BENCH WARRANT

Since supervision commenced, although he has been given ample time to get into compliance, Mr. Holcomb continues to be more defiant than ever, and he has refused to follow this officer's instructions. He is viewed as not being amenable to supervision, and someone who does not respect the conditions imposed by the Court to monitor him in the community. Due to Mr. Holcomb's lack of acceptance of responsibility and contentious stance, he is viewed as a risk to others in the community as he has failed to adhere to the conditions of supervision. Given his non-compliance, the assessment of ongoing criminal conduct in the community is limited and it is highly questionable if he respects the law of this country to not continue involving himself in similar criminal conduct that resulted in his conviction for the underlying offense. Therefore, a bench warrant is being requested.

PROB12(C)

Name of Offender: Robert Eric HOLCOMB                                            March 2, 2021
Docket No.: 16CR01408-001-WQH                                                         Page 7

## RECOMMENDATION/JUSTIFICATION

Since supervision commenced, Mr. Holcomb has been very resistant to complying with his conditions of supervision and this officer's instructions. Mr. Holcomb has his own perception on how he should be supervised. He continuously questions this officer's authority to supervise him and has his own interpretation on how certain conditions should be enforced. Mr. Holcomb is viewed as being very litigious and will continue to be challenging to work with due to his lack of trust with law enforcement and the government. Mr. Holcomb has firmly refused and exercised delay tactics from having to comply with providing his financial records and complying with this officer's instructions. Mr. Holcomb has failed to comply with this officer's instruction to provide verifiable employment documents with Brother's Keeper Ministries and the real-estate related employment with his father. He continues to insist that taking care of his current residence is considered gainful employment, although he is not paid any income and refuses to provide documentation to verify this legitimacy.

This officer is concerned by the offender's disregard for his conditions of supervision and his breach of the Court's trust during the brief time he has been on supervision. Therefore, if the allegations are sustained, it is respectfully recommended that Mr. Holcomb's supervision be revoked, and that he be sentenced to 6 months custody, as to each count to run concurrently, followed by 30 months supervised release, as to each count to run concurrently, with all the conditions of supervision previously imposed. An additional term of supervised release will provide ongoing monitoring in the community. This officer will respectfully defer to the Court's discretion if this violation matter should be placed on hold pending the Court's ruling on Mr. Holcomb's request to be heard on his legal challenges as to how his conditions of supervision should be interpreted.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 2, 2021

Respectfully submitted:                                    Reviewed and approved:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by  *Mimi Manzano* (signature)                            *Ymelda Valenzuela* (signature)
Mimi Manzano                                               Ymelda E. Valenzuela
U.S. Probation Officer                                     Supervisory U.S. Probation Officer
(619) 557-5759                                             mq

PROB12CW                                                                                          March 2, 2021

## VIOLATION SENTENCING SUMMARY

1. **Defendant:** HOLCOMB, Robert Eric

2. **Docket No.** (Year-Sequence-Defendant No.): 16CR01408-001-WQH

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | Failure to Provide Personal and Business Financial Records | C |
   | Failure to follow the probation officer's instructions | C |
   | Failure to pay fine | C |
   | Failure to obtain employment with verifiable income | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                     [ I ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))            [ 3 to 9 months ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   | | | | |
   |---|---|---|---|
   | Restitution ($) | | Community Confinement | |
   | Fine ($) | $596,050.00 | Home Detention | |
   | Other | | Intermittent Confinement | |

PROB12(C)

Name of Offender: Robert Eric HOLCOMB  
Docket No.: 16CR01408-001-WQH

March 2, 2021  
Page 9

## THE COURT ORDERS:

__✓__  A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE NO-BAIL BENCH WARRANT AND THIS PETITION RESTRICTED TO COURT USERS ONLY FOR OTHER THAN LAW ENFORCEMENT PURPOSES AND UNTIL SUCH TIME THAT THE SUBJECT HAS BEEN ARRESTED AND THE WARRANT DULY EXECUTED.

_____  DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____  Other _____

_____  
The Honorable William Q. Hayes  
U.S. District Judge

3/8/21  
Date